Jeffrey S. Lawson (SBN 99855)
jsl@svlg.com
Kathryn E. Barrett (SBN 162100)
keb@svlg.com
SILICON VALLEY LAW GROUP
50 W. San Fernando Street, Suite 750
San Jose, CA 95113
Phone: (408) 573-5700
Fax:    (408) 573-5701

Attorneys for Verse Two Properties, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| VERSE TWO PROPERTIES, LLC | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |
| vs. | 1) CERCLA Sections 107 & 113;<br>2) Hazardous Substance Account Act ("HSAA");<br>3) Trespass; |
| HANGGI MANUFACTURING, INC., a Delaware corporation; BACE INDUSTRIES, LLC, a Colorado limited liability company; BACE CAPITAL PARTNERS, LLC, a Colorado limited liability company; MEDPLAST HOLDINGS, INC., a Delaware corporation; UNITED PLASTICS GROUP, INC., a Delaware corporation; MEDPLAST FREMONT, INC., a Delaware corporation, and Does 1 – 50, inclusive. | 4) Nuisance;<br>5) Negligence;<br>6) Negligence per se;<br>7) Quantum Meruit;<br>8) Contractual Indemnity;<br>9) Equitable Indemnity;<br>10) Implied Indemnity;<br>11) Comparative Indemnity;<br>12) Declaratory Relief. |
| Defendants. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      This is a civil action brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9607, as amended by the Superfund Amendment and Reauthorization Act of 1986, Pub. L. No. 99-499,100 Stat. 1613 (1986) (CERCLA) for (i) reimbursement of response costs in response to the release or threatened release of hazardous substances from property formerly occupied or controlled by Defendants, and (ii) a Declaratory Judgment under

CERCLA, 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201, as to liability for future response costs.

## I.

## <u>PARTIES</u>

1.   Verse Two Properties, LLC ("Verse" or "plaintiff") is a limited liability company organized under the laws of the State of California, with its principle place of business in California.

2.   Plaintiff is informed and believes and therefore alleges that Defendant Hanggi Manufacturing, Inc. ("Hanggi Manufacturing" or "defendant") is a corporation organized under the laws of the State of Delaware, with its principal place of business in California.

3.   Plaintiff is informed and believes and therefore alleges that Defendant Bace Industries, LLC ("Bace" or "defendant") is a limited liability company organized under the laws of the State of Colorado, with its principal place of business in Colorado and is a successor in interest of Hanggi Manufacturing.

4.   Plaintiff is informed and believes and therefore alleges that Defendant Bace Capital Partners, LLC ("Bace Capital" or "defendant") is a limited liability company organized under the laws of the State of Colorado, with its principal place of business in Colorado and is a successor in interest of Hanggi Manufacturing.

5.   Plaintiff is informed and believes and therefore alleges that Defendant Medplast Holdings, Inc. ("Medplast" or "defendant") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Arizona and is a successor in interest of Hanggi Manufacturing.

6.   Plaintiff is informed and believes and therefore alleges that Defendant United Plastics Group, Inc. ("United Plastics Group" or "defendant") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Arizona and is a successor in interest of Hanggi Manufacturing.

7.   Plaintiff is informed and believes and therefore alleges that Defendant Medplast Fremont, Inc. ("Medplast Fremont" or "defendant") is a corporation organized under the laws of the State of Delaware, with its principal place of business in California and is a successor in interest of Hanggi

Manufacturing.

8.   Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when and if ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages, were proximately caused by said Defendants.

9.   At all times herein mentioned, all of the Defendants were the agents, employees and servants of the other Defendants and were acting within the scope and agency of their employment and with the permission and consent of each Defendant.

## II.

## JURISDICTION AND VENUE

10. This court has exclusive jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 9607 and 9613(b), 28 U.S.C. § 1331.

11. Venue is proper in this judicial district pursuant to 42 U.S.C. § 9607 and 9613(b), 28 U.S.C. § 1391(b) and (c), and because the claims arose in the Northern District of California.

12. The state law claims alleged in this complaint are related to the federal claims pursuant to 28 U.S.C. § 1367(a) and fall within the court's supplemental jurisdiction.

## GENERAL ALLEGATIONS

A.  **Site Ownership and Historical Operations:**

14. Verse owns Property located at 10100 Bubb Road, Cupertino, California.  ("Property" or "Site or Facility")

15. James Payne purchased the property in 1992 and transferred title to the Property to Verse in January 2011.  James and Mary Payne are the sole owners of Verse.  At the time of the purchase, plaintiff was not aware there were hazardous substances beneath the property.

16. Prior to the current ownership, the Property was owned by Meinrad and Betty Hanggi.  During their ownership the Property was leased to Hanggi Manufacturing, Inc.

Case No.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
3

10437710.DOCX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17. Hanggi performed plastics manufacturing at the Property.  Plaintiff is informed and believes those plastics industrial processes included use of hazardous substances including trichloroethylene (TCE) and Freon 113.

18. Prior to the Purchase Verse undertook all appropriate inquiry to evaluate the environmental condition of the Property, including but not limited to, a Phase I and Phase II environmental investigation.  The environmental investigations did not detect contamination and the purchase by Verse of the Property went forward.

19. Verse recently discovered the presence of hazardous substances in the soil, soil gas, indoor air and groundwater beneath the property.  The exact nature and extent of the hazardous substances and contamination of the property is still unknown to Plaintiffs.

20. The contamination is beneath the soil and pavement and is invisible to the eye, and Plaintiffs had no reason to suspect the property was contaminated.  Plaintiffs did not appreciate the nature and extent of the harm until a time within the last three years.

21. During the time Hanggi Manufacturing operated at the Property it used, stored, and disposed of hazardous substances on the property.  The contamination on the Property is the result of leaks and spills from the plastics manufacturing operations of Hanggi Manufacturing.

22. The contamination was created or negligently permitted to remain on the land by Defendants prior to the sale of the facility to Plaintiffs.  The risk of contaminated groundwater and contaminated soil impact on the groundwater is that dangerous chemicals can enter the public waters endangering humans, animals and plants of the State of California.  Moreover, the groundwater is owned by the State of California, and, accordingly, the contamination of groundwater by Defendants constitutes harm to third parties. The contaminated soil and soil gas creates a vapor risk than can permeate the building on the Property and cause health risks to occupants of the Property.

23. As a result of the contamination caused and maintained by Defendants, Plaintiffs have been required to incur response costs necessary to investigate and remediate the property in an amount not yet fully ascertained.

24. No releases or disposal of hazardous substances on the Property have occurred during

Case No.
10437710.DOCX

Verse's ownership of the Property.

**B.  <u>History of Regulatory Action:</u>**

25. The Property is the subject of an environmental investigation under the oversight of the Santa Clara County Department of Environmental Health (DEH).

26. In order to address the hazardous material releases by Hanggi Manufacturing at the Property and to comply with its governmental release reporting requirements, Verse reported the then known contamination information to the DEH.  DEH determined environmental investigative work was required at the Property to respond to the threat of release of hazardous substances found at the Property relating to Hanggi Manufacturing's operations.

27. Under the directives of DEH Verse performed environmental investigations of the soil and groundwater of the Property.  TCE and  Freon 113 was discovered in the soil, soil gas, indoor air and groundwater of the Property.

28. Pursuant to DEH's directives Verse is continuing to investigate the Property.

29. Unless the release is abated, the release will result in further and additional injury to tangible property of Plaintiffs and others.  The above releases resulted in wrongful entry onto Plaintiffs' property and have and will continue to constitute an invasion of Plaintiffs' right to quiet occupancy and enjoyment of Plaintiffs' property.

30. The Property cannot be sold because of the documented environmental contamination of the groundwater, the soil, the soil gas and the indoor air.  Verse has vigorously marketed the Property for sale since at least 2012.  However, due to the Hazardous Substances released on the Property by Hanggi Manufacturing no potential buyer would complete a purchase of the Property.  For the same reasons potential buyers of the Property would only offer significantly lower prices for the Property.

31. Plaintiff is informed and believes that Hanggi Manufacturing failed to meet its statutory, lease and common law obligations and failed to exercise due care in the conduct of its business by releasing hazardous substances, waste and contamination into the environment at the Property, and by failing to properly investigate and remediate the hazardous substances, waste and contamination at the Property.

1

2

**FIRST CLAIM FOR RELIEF**

3

**Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")**

4

**Sections 9607 and 9613**

5
6

32. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

7
8

33. The Property is a "facility" within the meaning of 42 U.S.C. section 9601. Defendants and

9

each of them, are "persons" within the meaning of 42 U.S.C. section 9601. The contaminants located in

10

and around the Property, including but not limited to TCE, are "hazardous substances" within the

meaning of 42 U.S.C. section 9601.

11
12

34. Under sections 9607 and 9613 of the Comprehensive Environmental Response,

Compensation, and Liability Act 42 U.S.C. section 9601 et. seq. ("CERCLA"), plaintiff seeks recovery

13
14

and/or contribution from defendants for all past, present and future response costs incurred in response to

a release and threat of release of hazardous substances affecting the Property. Defendants are an operator,

15
16

transporter and/or arranger for disposal of hazardous substances at the Property and as the entities

17

responsible pursuant to 42 U.S.C. section 9607(a) for the release and continued threat of the release of

18

hazardous substances into the environment, defendants, jointly and severally, are liable for the

19

contamination pursuant to 42 U.S.C. section 9607(a).

20

35. 42 U.S.C section 9613(f)(1) provides in pertinent part:

21

"Any person may seek contribution from any other person who is liable or

22

potentially liable under section 9607(a) of this title, <u>during</u> or following
any civil action under section 9606 of this title <u>or under section 9607(a)</u> of

23

this title. Such claims shall be brought in accordance with this section and
the Federal Rules of Civil Procedure, and shall be governed by Federal

24

law. In resolving contribution claims, <u>the court may allocate response costs</u>
<u>among liable parties</u> using such equitable factors as the court determines

25

are appropriate. Nothing in this subsection shall diminish the right of any

26

person to bring an action for contribution in the absence of a civil action
under section 9606 of this title or section 9607 of this title." (Emphasis

27

added)

28

36. Plaintiff has incurred, and will continue to incur, response costs as defined by 42 U.S.C.

section 9601(25), including costs of investigation, removal and remedial costs, in the investigation and abatement of the releases and threatened releases of hazardous substances from the Property. All or a portion of the response costs incurred and to be incurred by plaintiff are the result of contamination caused to the Property by acts and omissions of the defendants.

37. The costs incurred, or to be incurred, by plaintiff in connection with the investigation and remediation of the Property are necessary costs of response consistent with the provisions of CERCLA and the National Contingency Plan.

38. Plaintiff continues to incur response costs and other costs in connection with the investigation and remediation of the Property as a result of ongoing efforts to remediate and remove the hazardous substances from the environment.

39. Defendant, jointly and severally, are liable for all or part of the past, present, and future costs of response, including, without limitation, investigation and remediation expenses, oversight costs and interest, resulting from the release or threat of release by them, of hazardous substances in connection with the Property.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### Hazardous Substance Account Act ("HSAA")

40. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

41. Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, are responsible parties within the meaning of the Hazardous Substance Account Act ("HSAA"). (Health & Safety Code § 25323.5(a))

42. Plaintiff has incurred remedial and response costs pursuant to the HSAA and is entitled to contribution and/or indemnity from the defendants under the HSAA. (Health & Safety Code § 25363.5(e))

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

Case No.

**THIRD CLAIM FOR RELIEF**

**Trespass**

43. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

44. Defendants caused hazardous substances to be released onto the Property. Defendants, without consent of plaintiff, allowed the contamination to remain on the Property.

45. This release of hazardous substances is environmental contamination, which interfered with plaintiff's possessory interest, and therefore constituted a trespass. This trespass could have been abated by environmental remediation, which currently being performed by Plaintiff.

46. This release of hazardous substances constituted unlawful and wrongful conduct by defendants and interfered with plaintiff's possession of the Property.

47. As a proximate result of the above-described activities, plaintiff's possession and enjoyment was substantially impaired and interfered with in that plaintiff has been forced to undertake investigative actions in response to the contamination by defendants. Plaintiff has further suffered damages related to investigative costs, remediation costs, loss of use of the Property, lost rent, economic loss, diminution in fair market value, impairment of ability to resell the premises, and damages associated with the stigma caused by the Property's condition.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**

**Nuisance**

48. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

49. Defendants created and permitted to remain on the premises defective and dangerous conditions, i.e. the discharge and abandonment of hazardous substances onto the Property.

50. Defendants thereby created a nuisance and defendants are strictly and primarily liable to abate the nuisance as well as to compensate plaintiff for any and all damages incurred as a result of this nuisance.

Case No.

51. Defendants created the nuisance as a result of the unnecessary, unreasonable and injurious method of operation of their manufacturing business and their failure to comply with environmental law and their permits in operating and closing their business.

52. As a result of the nuisance created by defendants, plaintiff has been deprived of the use and enjoyment of the Property and has suffered damage related to investigating costs, loss of use of the premises, lost profits, lost rents, economic loss, diminution in fair market value of the Property, diminished ability to resell the Property and damages associated with the stigma to the Property caused by its contamination.

53. Defendants failed to correct and/or abate the conditions giving rise to the nuisance so as to eliminate it. The nuisance could have been abated by environmental remediation of the Property. Defendants have further failed to compensate plaintiff for damages and costs incurred as a result of the nuisance.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

### Negligence

54. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

55. Defendant had a duty to exercise due care in operating and maintaining their industrial business and related hazardous substances use and storage facilities; as well as the proper closure of their business.

56. Defendant breached their duty by failing to exercise due care in storing, handling, treating, and disposing of hazardous substances used in their heavy industrial business, and in failing to report the information known to defendants to governmental authorities and in failing to investigate and remediate the Property to insure its environmentally safe closure as required by law.

57. As a direct and proximate result of the negligence of defendants, plaintiff has suffered damages and losses necessary to evaluate and remediate the contamination of the Property. Plaintiff has been deprived of the use and enjoyment of the Property and has suffered damage related to investigating

Case No.

costs, loss of use of the premises, lost profits, lost rents, economic loss, diminution in fair market value of the Property, diminished ability to resell the Property and damages associated with the stigma to the Property caused by its contamination.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF

### Negligence Per Se

58. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

59. Defendant had a duty to exercise due care in leasing, operating, maintaining and closing the Property and any hazardous substances or other by-products of the activities occurring on the Property.

60. By allowing, permitting, undertaking and otherwise being responsible for the abandonment, discharge, spilling, leaking, storing, dumping and/or general disposal of hazardous substances on the Property, defendants failed to act with reasonable care.

61. The actions of defendants were, and continue to be, in violation of local, State and Federal laws, including 42 U.S.C. § 6922, et seq., of the Resources Conservation and Recovery Act; California Health & Safety Code § 25100, et seq.; as well as other applicable codes, regulations, ordinances, and statutes. These statutes impose obligations on tenants of property. Plaintiff is within the class intended to be protected by the above-cited statutes.

62. Defendant was negligent because they knew or should have known their acts or omissions in connection with the handling, spilling, storage, discharge, dumping, abandonment, and/or disposal of hazardous substances on the Property, rather than at a lawfully permitted treatment or storage facility, could cause damage to humans and the environment. Furthermore, defendants have failed to investigate and/or clean-up the hazardous substances which as tenants/occupants they are required by law to do. Notwithstanding the fact that defendants knew or should have known of the legal requirements, defendants took no action, and continue to take no action, to abide by the law.

63. As a direct and proximate result of the acts of defendants, plaintiff has suffered damages

Case No.

10437710.DOCX

and losses necessary to evaluate and remediate the contamination of the Property. Plaintiff has been deprived of the use and enjoyment of the Property and has suffered damage related to investigating costs, remediation costs, loss of use of the premises, lost profits, lost rents, economic loss, diminution in fair market value of the Property, diminished ability to resell the Property and damages associated with the stigma to the Property caused by its contamination.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SEVENTH CLAIM FOR RELIEF

### Quantum Meruit

64. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

65. Defendants as the operator of the industrial facility has an obligation to investigate, clean up, and remove hazardous substances that have been abandoned, stored, dumped, spilled, discharged and released upon the Property.

66. Plaintiff has rendered work, labor and services to defendants for which defendants have become indebted to plaintiff for the reasonable value of such services.

67. The above services were and are of reasonable value and will accrue to the benefit of defendants, who are responsible for the contamination.

68. Defendants have paid no part of the above sum, and there is now due, owing and unpaid from defendants the costs of investigating and remediating the Property.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## EIGHTH CLAIM FOR RELIEF

### Equitable Indemnity

69. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

70. The costs incurred by plaintiff in investigating, monitoring and remediating contamination at the Property are and will be the result of defendants' illegal releasing of hazardous substances.

71. Plaintiff alleges that defendants are legally responsible for the contamination on the

Case No.

10437710.DOCX

Property and are therefore legally responsible for the costs of investigating, monitoring, and remediating the contamination.

72. As a direct and proximate result of the foregoing, plaintiff is entitled to full, equitable indemnity from defendants for all costs presently incurred, or which may be incurred, by plaintiff in investigating, monitoring and remediating the contamination.

73. As a direct and proximate result of the foregoing, plaintiff has been deprived of the use and enjoyment of the Property and has suffered damage related to investigating and remediation costs, loss of use of the premises, lost profits, lost rents, economic loss, diminution in fair market value of the Property, diminished ability to resell the Property and damages associated with the stigma to the Property caused by its contamination.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

## NINTH CLAIM FOR RELIEF

### Implied Indemnity

74. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

75. Plaintiff's damages as alleged above were caused solely and entirely by the active and primary negligence of defendants and not by plaintiff, whose negligence, if any, was passive and secondary.

76. As a result of the active and primary negligence of defendants, defendants are obligated to fully indemnify plaintiff for the sums plaintiff has incurred and will continue to incur in remediating the contamination caused by defendants.

77. As a direct and proximate result of the foregoing, plaintiff has been deprived of the use and enjoyment of the Property and has suffered damage related to investigating and remediation costs, loss of use of the premises, lost profits, lost rents, economic loss, diminution in fair market value of the Property, diminished ability to resell the Property and damages associated with the stigma to the Property caused by its contamination.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

Case No.

10437710.DOCX

1

2

**TENNTH CLAIM FOR RELIEF**

**Comparative Indemnity**

3

78. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set

4

forth above as though fully set forth herein.

5

79. An actual and present controversy exists between plaintiff and defendants relating to their

6

respective comparative faults and rights to full or partial equitable indemnity on a comparative fault

7

basis.

8

80. Plaintiff alleges that defendants are legally responsible for the costs of investigating,

9

monitoring and remediating any contamination on the Property, and the fault of plaintiff is zero percent,

10

and the fault of defendants is a total of one hundred percent.

11

81. As a direct and proximate result of the illegal dumping of hazardous substances, plaintiff

12

has been deprived of the use and enjoyment of the Property and has suffered damage related to

13

investigating and remediation costs, loss of use of the premises, lost profits, lost rents, economic loss,

14

diminution in fair market value of the Property, diminished ability to resell the Property and damages

15

16

associated with the stigma to the Property caused by its contamination.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

17

**ELEVENTH CLAIM FOR RELIEF**

18

**Declaratory Relief 28 U.S.C. Sections 2201-2202 & CERCLA 42 U.S.C. Section 9613(g)(2)(B)**

19

20

82. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set

21

forth above as though fully set forth herein.

22

83. An actual, substantial, legal controversy now exists between plaintiff and defendants, and

23

plaintiff seeks a judicial declaration of its rights and legal relations pursuant to 28 U.S.C. §§2201-2202

24

and 42 U.S.C. §9613(g)(2)(B).

25

84. Section  9613(g)(2)(B)provides in pertinent part:

26

"In any such action (addressed to CERCLA actions) described in this
subsection, the court <u>shall</u> enter a declaratory judgment on liability for
response costs or damages that will be binding on any subsequent action or
actions to recover further response costs or damages."(Emphasis and
parenthetical added)

27

28

Case No.

10437710.DOCX

85. Plaintiff seeks the declaration of this court that defendants are solely and entirely liable for future compliance with local, State and Federal regulatory authorities, and for all future costs of response in evaluating, removing and remediating the contamination of which defendants are found to be liable.

86. A declaratory judgment is appropriate for various reasons, including the following:

a. Due to the presence of the capped contamination remaining on and beneath the Property a declaration of future responsibility is necessary.

b. A declaratory judgment will prevent the need for multiple lawsuits as plaintiff incurs costs of response in the future for which defendants should be liable, and provide the final resolution of issues between the parties regarding liability for costs;

c. A declaratory judgment will assure that plaintiff will be reimbursed for defendants' share of the necessary costs of response herein, ensuring a proper response to any future problems; and

d. The public interest will be served in that a declaratory judgment will ensure an environmentally proper response.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### III.

### **PRAYER FOR DAMAGES**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. Compensatory damages according to proof, including but not limited to investigation, clean-up, and remedial costs expended by plaintiff; late payment penalties; loss of profits, economic loss, loss of use, diminution in fair market value, damages related to the inability to resell the Property, and stigma damages.

2. Pre-judgment interest at the legal rate as provided by law.

3. Interest at the legal rate as provided by law.

4. Incidental and consequential damages according to proof.

5. Reasonable attorney fees.

6. Costs of suit.

Case No.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

14

10437710.DOCX

7.   For retention of jurisdiction of this action by this court after entry of the requested declaratory judgment, for the granting to plaintiff such further relief against defendants as may be necessary or property to effectuate the declaration of this Court.

8.   For a declaration that defendants are solely and entirely liable in any legal or administrative actions which have been brought or may be brought by any persons or entities, public or private, concerning or related to the continuing presence of hazardous substances at the Property.

9.   For a declaration that, in the event plaintiff is adjudged liable for any or all relief requested in any judicial or administrative action, arising out of or related to the presence of hazardous substances on the Property, brought against plaintiff by any persons or entities, public or private, such liability is purely, solely and actually the liability of these defendants.

10. For a declaration that these defendants are liable to plaintiff to contribute to and reimburse plaintiff, or in the alternative indemnify plaintiff, for all damages and costs suffered or to be suffered by plaintiff resulting from or related in any way to the continuing presence of hazardous substances on the Property.

11. For declaratory judgment of defendants' sole and entire liability for such additional costs that will be incurred in monitoring and remediating the Property, plus interest, as may be incurred by plaintiff in connection with any future investigation and remediation of the Property, and

12. For such other and further relief as this court deems just and proper.

Dated: August 19, 2014                                            SILICON VALLEY LAW GROUP


By: /s/ Jeffrey S. Lawson
    Jeffrey S. Lawson
    Attorneys for plaintiff
    Verse Two Properties, LLC

///

Case No.

10437710.DOCX

1

## **DEMAND FOR JURY TRIAL**

2

Pursuant to Rule 38 of the Federal Rules for Civil Procedure, plaintiff demands a jury trial.

3

Dated: August 19, 2014                          SILICON VALLEY LAW GROUP

4

5

6

By: /s/ Jeffrey S. Lawson

Jeffrey S. Lawson

7

Attorneys for plaintiff

Verse Two Properties, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.

10437710.DOCX