UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERSE TWO PROPERTIES, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>MEDPLAST FREMONT, INC., et al.,<br><br>   Defendants. | Case No. 5:14-cv-03765-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 37, 83, 92 |

Plaintiff Verse Two Properties, LLC ("Plaintiff") filed this action against Defendants Hanggi Manufacturing, Inc. ("Hanggi Manufacturing"), MedPlast Fremont, Inc. ("MedPlast"), Versatec, Inc. ("Versatec"), and Xerox Corp. ("Xerox") (collectively, "Defendants"), alleging the violation of environmental law statutes and various tort claims. Presently before the court are two motions to dismiss: (1) a motion filed by Hanggi Manufacturing and MedPlast Fremont (Dkt. No. 83)[1]; and (2) a motion filed by Xerox and Versatec (Dkt. No. 92).

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. The court finds these matters suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b), and therefore VACATES the hearing scheduled for November 12, 2015. Having carefully reviewed the parties' briefing, Defendants' motions to dismiss are GRANTED IN PART AND DENIED IN PART.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a limited liability company based in California, and is owned by James Payne

---

[1] Hanggi Manufacturing and MedPlast Fremont previously filed a motion to dismiss Plaintiff's first amended complaint. See Dkt. No. 37. Since the first amended complaint is no longer the operative complaint, this motion is DENIED AS MOOT.

1
Case No.: 5:14-cv-03765-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS

and his wife Mary Payne. Second Am. Compl., ¶ 1. Hanggi Manuacturing is a corporation with its principal place of business in California, and MedPlast is a successor in interest of Hanggi. Id. at ¶¶ 2-3. Likewise, Versatec is a corporation with its principal place of business in California, and Xerox is a successor in interest of Versatec. Id. at ¶¶ 4-5.

In 1992, Mr. Payne purchased property located in Cupertino, California (the "Property"), and in January 2011, Mr. Payne transferred title to Plaintiff. Id. at ¶¶ 12-13. Prior to Mr. Payne's purchase in 1992, the Property was owned by Meinrad and Betty Hanggi, and was leased to Hanggi Manufacturing and Versatec. Id. at ¶ 14. On the property, Hanggi Manufacturing manufactured plastics and Versatec manufactured printers and printer circuit boards, all of which involved the use of hazardous substances such as trichloroethylene ("TCE") and Freon 113. Id. at ¶¶ 15-16. Plaintiff alleges that prior to purchasing the Property, Mr. Payne had a Phase I and Phase II environmental investigation performed at the Property, none of which detected contamination at levels of concern. Id. at ¶ 17. Mr. Payne then proceeded with the purchase. Id.

On April 6, 2012, Plaintiff alleges that a potential tenant engaged in environmental testing at the Property and discovered that hazardous substances were present in the soil, soil gas, indoor air and groundwater beneath the Property. Id. at ¶¶ 18-19. Plaintiff investigated further, and alleges that it did not appreciate the nature and extent of the harm until three years before filing this lawsuit. Id. Plaintiff alleges that Hanggi Manufacturing and Versatec used, stored, and disposed of hazardous substances while they operated on the Property, and leaks and spills that occurred resulted in the contamination of TCE and Freon 113. Id. at ¶¶ 20-21. The presence of hazardous substances can allegedly contaminate groundwater and soil, and contaminated soil and soil gas creates a vapor risk that permeates the building on the Property, causing a health risk to its occupants. Id. at ¶ 22.

Plaintiff alleges that it reported the contamination to the Santa Clara County Department of Environmental Health ("SCCDEH"), and under its directive, Plaintiff has performed environmental investigations of the soil and groundwater of the Property. Id. at ¶¶ 26-27. The

1   investigations found that TCE and Freon 113 were found in the soil, soil gas, indoor air and
2   groundwater of the Property. Id. at ¶ 27. As an emergency interim measure, in 2014, the
3   SCCDEH required that any time the building at the Property is occupied, the roll-up doors must be
4   up to provide additional ventilation. Id. Under SCCDEH's further directives, Plaintiff continues
5   to investigate the Property. Id. at ¶ 30.

6   Plaintiff commenced the instant action on August 19, 2014. See Dkt. No. 1. Plaintiff filed
7   a First Amended Complaint in November 2014, and Defendants filed a Motion to Dismiss. See
8   Dkt. Nos. 24, 37. While the motion was pending before the court, Plaintiff sought leave to file an
9   amended complaint, which the court granted. See Dkt. Nos. 76, 77. Plaintiff subsequently filed
10  its Second Amended Complaint, which is the operative complaint. See Dkt. No. 78. In its Second
11  Amended Complaint, Plaintiff asserts the following claims: (1) Comprehensive Environmental
12  Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607; (2) declaratory and
13  injunctive relief, civil penalties, attorney fees and costs under the Resource Conservation and
14  Recovery Act ("RCRA"), 42 U.S.C. §§ 6972(a)(1)(A) and (B); (3) Hazardous Substance Account
15  Act ("HSAA"), Cal. Health & Safety Code § 25300, et seq.; (4) trespass; (5) nuisance; (6)
16  negligence; (7) negligence per se; (8) quantum meruit; (9) equitable indemnity; (10) implied
17  indemnity; (11) comparative indemnity; and (12) declaratory relief under 28 U.S.C. §§ 2201-02,
18  and CERCLA, 42 U.S.C. § 9613(g)(2)(B). See id.

19  Defendants Hanggi Manufacturing and MedPlast filed the instant Motion to Dismiss in
20  May 2015, and Defendants Versatec and Xerox filed the instant Motion to Dismiss in July 2015.
21  See Dkt. Nos. 83, 92. These matters have been fully briefed. See Dkt. Nos. 84, 86, 95, 98.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). Although particular detail is not generally necessary, the factual allegations "must be enough to

3
Case No.: 5:14-cv-03765-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS

raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court usually "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court also must construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id. Nor must the court accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

### III. DISCUSSION

Defendants move to dismiss the following claims on the grounds that Plaintiff fails to state a claim upon which relief can be granted: (1) second claim alleging the violation of RCRA; (2) fourth claim alleging trespass; (3) fifth claim alleging nuisance; (4) sixth claim alleging negligence; (5) seventh claim alleging negligence per se; and (6) eighth claim alleging quantum meruit. Each of these claims will be addressed in turn.

#### A. Violation of the RCRA

The RCRA is a "comprehensive environmental statute that governs the treatment, storage,

and disposal of solid and hazardous waste." Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 506 (9th Cir. 2013). Its "primary purpose is to reduce the generation of hazardous waste and to ensure the proper treatment, storage, and disposal of that waste which is nonetheless generated, so as to minimize the present and future threat to human health and the environment." Id. (internal quotations omitted); see also 42 U.S.C. § 6902(b). While the U.S. Environmental Protection Agency ("EPA") is charged with enforcing the RCRA, the statute provides for "citizen suits," allowing a private citizen to file an action against persons alleged to be in violation of the statute. Id.

The RCRA provides two instances in which a citizen suit can be filed, pursuant to 42 U.S.C. § 6972(a). First is under § 6972(a)(1)(A), and second is under § 6972(a)(1)(B). Each section is addressed below.

### i. Claim Under 42 U.S.C. § 6972(a)(1)(A)

Section 6972(a)(1)(A) provides:

> [A]ny person may commence a civil action on his own behalf—against any person . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter.

42 U.S.C. § 6972(a)(1)(A). The issues in dispute are whether this provision of the statute is limited to only current owners or operators of the Property, and whether the alleged violations are "wholly past" such that Defendants can no longer be held liable.

Defendants contend that Plaintiff cannot invoke this section of the statute because it only applies to current owners or operators of the Property, and at the time Plaintiff filed this action, Defendants were not current owners or operators. Dkt. Nos. 83 at 6-7; 92 at 7. Defendants further contend that this section of the statute does not apply to wholly past violations, but only to current and ongoing violations. Dkt. No. 83 at 7-8. In response, Plaintiff argues that the statute is not limited to current owners or operators of the Property since the contamination they allegedly produced still exists on the Property. Dkt. Nos. 84 at 12-13; 95 at 11. Moreover, Plaintiff argues the statute applies because Defendants' violations are ongoing, given the continuing need to

5
Case No.: 5:14-cv-03765-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

remediate the hazardous substances. Dkt. Nos. 84 at 14-15; 95 at 14.

The court looks to the plain meaning of the statute to determine whether it applies only to current owners or operators of the property at issue. See Williams v. Paramo, 775 F.3d 1182, 1188 (9th Cir. 2015) ("Because we assume that Congress means what it says in a statute, the plain meaning of a statute controls where that meaning is unambiguous.") (internal quotations omitted). Since the statute pertains to persons who are "alleged to be in violation," the present tense indicates that Congress meant the statute to apply only to current owners or operators. Indeed, the Supreme Court has found that "[t]he most natural reading of 'to be in violation' is a requirement that citizen-plaintiffs allege a state of either continuous or intermittent violation—that is, a reasonable likelihood that a past polluter will continue to pollute in the future." Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 59 (1987). Otherwise, Congress would have "phrased its requirement in language that looked to the past ('to have violated'), but it did not choose this readily available option." Id.

In considering § 6972(a)(1)(A) with the language of other sections of the statute referencing past conduct (see § 6972(a)(1)(B)), the court notes that § 6972(a)(1)(A) applies only to current owners or operators. See Gwaltney, 484 U.S. at 59 ("Our reading of the 'to be in violation' language . . . is bolstered by the language and structure of the rest of the citizen suit provisions in [the Act]. These provisions together make plain that the interest of the citizen-plaintiff is primarily forward-looking."); see also N. Cal. River Watch v. Exxon Mobil Corp., No. C 10-0534 PJH, 2010 WL 3184324, at *4-5 (N.D. Cal. Aug. 11, 2010) (finding that § 6972(a)(1)(A) applies only to current owners or operators).

Here, Plaintiff alleges that Mr. Payne purchased the Property in 1992. Second Am. Compl. at ¶ 13. It appears that Hanggi Manufacturing and Versatec were using the Property prior to Mr. Payne's purchase, but ceased operating when Mr. Payne purchased the Property. If this is the case, then neither Hanggi Manufacturing nor Versatec are current owners or operators of the Property. As such, Plaintiff cannot proceed as citizen-plaintiff under § 6972(a)(1)(A).

6

Case No.: 5:14-cv-03765-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS

To the extent Plaintiff argues that § 6972(a)(1)(A) applies because the alleged violations are ongoing due to the current existence of the hazardous substance and continuing need to remediate, this argument is unpersuasive for the same reasons discussed above.  A continuous or intermittent violation requires "a reasonable likelihood that a past polluter will continue to pollute in the future."  Gwaltney, 484 U.S. at 59.  Although the hazardous substance remains on the Property, there are no allegations that any of the Defendants continue to operate on the Property.  As Plaintiff currently pleads, it appears that Defendants have not been on the property for the past 20 years, therefore it is not reasonably likely that they will continue to pollute in the future.

For these reasons, Plaintiff cannot proceed under § 6972(a)(1)(A).  Defendants' motions as to Plaintiff's claim under § 6972(a)(1)(A) are GRANTED.

### ii.  Claim Under 42 U.S.C. § 6972(a)(1)(B)

An alternative instance in which a citizen suit can be filed is under § 6972(a)(1)(B).  The statute provides:

> [A]ny person may commence a civil action on his own behalf—
> against any person . . . including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

42 U.S.C. § 6972(a)(1)(B).  The Ninth Circuit has articulated this section in three elements: "(1) the defendant has been or is a generator or transporter of solid or hazardous waste, or is or has been an operator of a solid or hazardous waste treatment, storage or disposal facility; (2) the defendant has 'contributed' or 'is contributing to' the handling, storage, treatment, transportation, or disposal of solid or hazardous waste; and, (3) the solid or hazardous waste in question may present an imminent and substantial endangerment to health or the environment."  Ecological Rights Found., 713 F.3d at 514.  In dispute, here, is the third element: whether Plaintiff has sufficiently alleged an imminent and substantial endangerment.

7

Case No.: 5:14-cv-03765-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

Defendants argue that Plaintiff has failed to sufficiently plead imminence and substantial endangerment because the Property is currently under the oversight of the SCCDEH, thus greatly reducing the likelihood that a threat is imminent.[2] Dkt. Nos. 83 at 8; 92 at 8.  In response, Plaintiff argues that that the hazardous substances are present on the Property at levels considered dangerous by the SCCDEH, and the contamination has not been remediated.[3]  Dkt. Nos. 84 at 10; 95 at 8.

Imminence does not require actual harm, but that risk of threatened harm is present. Price v. U.S. Navy, 39 F.3d 1011, 1019 (9th Cir. 1994) (internal quotations omitted).  "Imminence refers to the nature of the threat rather than identification of the time when the endangerment initially arose." Id. (internal quotations omitted).  If a remediation is proposed and will remove all imminent and substantial danger, plaintiff may fail to plead a RCRA claim; however, if the proposed remediation is insufficient to remove the immediate and substantial danger, the claim can survive a motion to dismiss. S.F. Herring Ass'n v. Pac. Gas & Elec. Co., 81 F. Supp. 3d 847, 863-64 (N.D. Cal. 2015).

In this instance, while the involvement of the SCCDEH is significant, that alone is insufficient to remove all imminent and substantial endangerment on the Property.  There is no indication that a plan for remediation has been proposed, or that one has begun to take effect.  See e.g., N. Cal. River Watch v. Fluor Corp., No. 10-cv-05105-MEJ, 2014 WL 3385287, at *9 (N.D.

---

[2] Defendants seek judicial notice of hundreds of pages of documents that were purportedly derived from the Geotracker website, "a publicly-available database of official agency records and environmental data for regulated facilities in California, maintained by the State Water Resources Control Board of the State of California." Request for Judicial Notice, Dkt. No. 83-7.  At this time, however, the court declines to take judicial notice of these documents because it is material outside the pleadings and presents a factual dispute. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (noting that in a motion to dismiss, materials outside the pleadings cannot be considered); United States v. LSL Biotechnologies, 379 F.3d 672, 699-700 (9th Cir. 2004) (noting that considering evidence outside the four corners of the complaint converts a motion to dismiss into a request for summary judgment).

[3] Plaintiff seeks judicial notice of a document that was also purportedly derived from the Geotracker website.  Request for Judicial Notice, Dkt. No. 84-3.  The court declines to take judicial notice for the same reasons as above.

8
Case No.: 5:14-cv-03765-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

Cal. July 9, 2014) (denying motion to dismiss where defendant was already required to clean up contamination). Instead, Plaintiff alleges that it continues to investigate the Property, and the hazardous substance continues to emanate and spread through the air and groundwater. Second Am. Compl. at ¶¶ 30, 45. Moreover, Plaintiff alleges that the current interim emergency measure of rolling up doors to provide additional ventilation is insufficient to address the endangerment present at the Property. Id. at ¶ 46.

In accepting Plaintiff's factual allegations as true and construing the alleged facts in the light most favorable to it, Plaintiff has adequately pled that the hazardous substance may present an imminent and substantial endangerment. The presence of SCCDEH, by itself, is not sufficient to diminish the nature of the threat that is present at the Property. See S.F. Herring Ass'n, 81 F. Supp. 3d at 864 (collecting cases). Accordingly, Plaintiff may proceed under § 6972(a)(1)(B). Defendants' motion as to Plaintiff's claim under § 6972(a)(1)(B) is DENIED.

### iii. Civil Penalties

Next, Defendants contend that Plaintiff cannot seek civil penalties under RCRA because such civil penalties are available only to the United States. Dkt. Nos. 83 at 10; 92 at 13. In response, Plaintiff argues that a private party may seek civil penalties. Dkt. Nos. 84 at 16; 95 at 16.

42 U.S.C. § 6972(a) provides that the district court may "apply any appropriate civil penalties under section 6928(a) and (g)." Pursuant to § 6928(g): "Any person who violates any requirement of this subchapter shall be liable to the United States for a civil penalty in an amount not to exceed $25,000 for each such violation."[4]

There is scant caselaw addressing the issue of whether a private party can obtain civil penalties under § 6928(g). The few courts that have at least tangentially addressed this issue support Defendants' argument that § 6928(g) does not provide civil penalties for private persons. See Exxon Mobil Corp., 2010 WL 3184324, at *6 (holding that the RCRA does not authorize

---

[4] Section 6928(a) applies to federal enforcement, thus it is not applicable in this case.

recovery of civil penalties to private parties); Burnette v. Carothers, 192 F.3d 52, 58 (2d Cir. 1999) (noting that statutes allowing for a citizen suit, such as § 6972, "do not grant citizens the right to sue on behalf of the United States nor do they establish a formula for recovering civil penalties;" instead, they allow a private citizen to sue on his own behalf); Vill. of Riverdale v. 138th St. Joint Venture, 527 F. Supp. 2d 760, 768 (N.D. Ill. 2007) (granting a motion to dismiss because the RCRA does not provide civil penalties to a private party). The court finds this line of cases to be persuasive, and therefore concludes that Plaintiff cannot seek civil penalties under the RCRA. Accordingly, Defendants' motions as to this issue are GRANTED, and Plaintiff's prayer for civil penalties is DISMISSED WITHOUT LEAVE TO AMEND.

### B.   Tort Claims: Trespass, Nuisance, Negligence, and Negligence Per Se

Defendants move to dismiss Plaintiff's fourth claim alleging trespass, fifth claim alleging nuisance, sixth claim alleging negligence, and seventh claim alleging negligence per se on the grounds that these claims are time-barred. Dkt. Nos. 83 at 11-13; 92 at 14. Defendants further contend that to the extent Plaintiff could toll the statute of limitations under California's discovery rule, Plaintiff has not pled sufficient facts to apply the discovery rule. Dkt. No. 83 at 11-12. In response, Plaintiff argues that it has sufficiently pled the discovery rule so as to toll the statute of limitations. Dkt. Nos. 84 at 18; 95 at 18.

The statute of limitations for these tort claims is three years. Cal. Code of Civ. P. § 338(b); McCoy v. Gustafson, 180 Cal. App. 4th 56, 66 (2009); Starrh & Starrh Cotton Growers v. Aera Energy LLC, 153 Cal. App. 4th 583, 595 (2007); Mangini v. Aerojet-Gen. Corp., 230 Cal. App. 3d 1125, 1149 (1991). Given that Mr. Payne purchased the Property 20 years ago and the basis for his claims are Defendants' conduct while they operated on the Property, Plaintiff appears to concede the statute of limitations has expired. Thus, the issue in dispute is whether Plaintiff has alleged sufficient facts to trigger the discovery rule and toll the statute of limitations. See Dkt. Nos. 84 at 6-7, 18-19; 95 at 18.

The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." WA Sw. 2, LLC v. First Am. Title Ins. Co., 240 Cal. App. 4th 148, 156 (2015). To invoke the discovery rule, a plaintiff must plead: "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Id. at 157 (emphasis in original). "In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." Nguyen v. W. Digital Corp., 229 Cal. App. 4th 1522, 1553 (2014).

Here, to plead the time and manner of discovery, Plaintiff alleges that in 1992, Mr. Payne had a Phase I and Phase II environmental investigation performed at the Property, and after the investigation detected no contamination, Mr. Payne proceeded with the purchase of the Property. Second Am. Compl. at ¶ 17. On April 6, 2012, Plaintiff learned of the contamination when a potential tenant engaged in environmental testing at the Property and discovered the toxic conditions in the indoor air. Id. at ¶ 19. Considering these allegations, Plaintiff has sufficiently pled the time and manner of discovery.

As to the inability to have made earlier discovery despite reasonable diligence, Plaintiff alleges that the hazardous substance was invisible to the eye, and was located beneath the Property. Id. at ¶¶ 18-19. Plaintiff, however, fails to sufficiently allege facts that despite diligent investigation, it could not have reasonably discovered facts supporting trespass. While in its opposition brief Plaintiff contends that a different environmental engineering company using different investigation techniques found the problem 20 years after Mr. Payne purchased the property, this is not alleged in the complaint. See Dkt. No. 84 at 18. Plaintiff must allege sufficient facts in the complaint in order for its claim to survive a motion to dismiss.

Since Plaintiff has insufficiently pled the discovery rule, its tort claims are presently time-barred. Further discussion on these claims, including improper remedies and duty owed to

Plaintiff, is not necessary at this time.  Defendants' motions as to these claims are GRANTED.

### C.  Claim for Quantum Meruit

Defendants move to dismiss Plaintiff's eighth claim alleging quantum meruit on the basis that Plaintiff fails to allege that Plaintiff performed certain services at Defendants' request.  Dkt. No. 83 at 15; Dkt. No. 92 at 15.  To allege a claim for quantum meruit, a plaintiff must plead the following elements: "(1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid." Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc., 520 F. Supp. 2d 1184, 1196 (C.D. Cal. 2007).  The issue, here, is the third element: whether Plaintiff has sufficiently pled that the services it performed were rendered at Defendants' request.  Plaintiff did not offer an argument in its opposition briefs, and there are no allegations in its complaint to satisfy this element.  Instead, Plaintiff alleges that Defendants have an obligation to investigate and remove the hazardous substances on the Property, Plaintiff has rendered work and labor for which Defendants have become indebted to it, the services will accrue to the benefit of Defendants, and Defendants have paid no sum for such services.  Second Am. Compl. at ¶¶ 77-80.

Given the absence of allegations satisfying the third element of a quantum meruit claim, the court finds it insufficiently pled.  Accordingly, Defendants' motions as to this claim are GRANTED.

## IV.  CONCLUSION

Based on the foregoing, Defendants' Motions to Dismiss are GRANTED IN PART AND DENIED IN PART:

1. The Motions to Dismiss are GRANTED as to Plaintiff's second claim for relief under RCRA, 42 U.S.C. § 6972(a)(1)(A), and prayer for civil penalties under the RCRA.  These claims are DISMISSED WITHOUT LEAVE TO AMEND.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (denying leave to amend if it appears to be futile).
2. The Motions to Dismiss are GRANTED as to Plaintiff's: (1) fourth claim for trespass; (2)

fifth claim for nuisance; (3) sixth claim for negligence; (4) seventh claim for negligence per se; and (5) eighth claim for quantum meruit.  These claims are DISMISSED WITH LEAVE TO AMEND.  Any amended complaint filed in response to this order must be filed on or before **November 30, 201**5.

3. The Motions to Dismiss are DENIED as to Plaintiff's second claim for relief under RCRA, 42 U.S.C. § 6972(a)(1)(B).

The motion hearing scheduled for November 12, 2015 is VACATED.

**IT IS SO ORDERED.**

Dated: November 10, 2015



EDWARD J. DAVILA
United States District Judge

13

Case No.: 5:14-cv-03765-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS