UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERSE TWO PROPERTIES, LLC, <br><br>   Plaintiff, <br><br> v. <br><br> MEDPLAST FREMONT, INC., et al., <br><br>   Defendants. | Case No. 5:14-cv-03765-EJD <br><br> **ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 60, 68 |

Plaintiff Verse Two Properties, LLC ("Plaintiff") filed this action against Defendants Hanggi Manufacturing, Inc. ("Hanggi Manufacturing"), MedPlast Fremont, Inc. ("MedPlast Fremont"), Versatec, Inc. ("Versatec"), and Xerox Corp. ("Xerox"), alleging the violation of environmental law statutes and various tort claims. In turn, MedPlast Fremont filed a third-party complaint against James and Mary Payne (the "Paynes"), and The Driving Machine, Inc. ("Driving Machine") (collectively, "Third Party Defendants"), seeking contribution, indemnity, and declaratory relief. Presently before the court is Third Party Defendants' motion to dismiss MedPlast Fremont's Amended Third-Party Complaint.[1] See Dkt. No. 68.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b), and previously vacated the associated hearing. Having carefully reviewed the parties' briefing, the court GRANTS Third Party Defendants' Motion to Dismiss.

---

[1] Third Party Defendants previously filed a motion to dismiss MedPlast Fremont's third-party complaint. See Dkt. No. 60. Since the third-party complaint was subsequently amended, the motion filed by Third Party Defendants is DENIED AS MOOT.

1

Case No.: 5:14-cv-03765-EJD
ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from the alleged release of hazardous substances, including trichloroethylene ("TCE") and Freon 113, on a property located in Cupertino, California (the "Property"). In 1992, the Property was purchased by the Paynes, who later transferred title to Plaintiff—an entity owned by the Paynes. The Paynes also allegedly own Driving Machine, an auto repair shop operating on the Property. Am. Third-Party Compl., Dkt. No. 67 at ¶¶ 15, 20-23.

MedPlast Fremont alleges that Driving Machine handles, uses, stores, and disposes of TCE and Freon 113, and other hazardous substances as part of its operations. Id. at ¶ 23. While in the underlying action Plaintiff alleges MedPlast Fremont and other defendants caused the presence and release of hazardous substances onto the Property, here, MedPlast alleges it was Third Party Defendants who caused the presence of the hazardous substances. Id. at ¶¶ 25-27.

Plaintiff commenced the instant action on August 19, 2014. See Dkt. No. 1. MedPlast Fremont filed its Third Party Complaint in December 2014. See Dkt. No. 38. Third Party Defendants filed a motion to dismiss the Third Party Complaint. See Dkt. No. 60. While the motion was pending before the court, MedPlast Fremont filed an Amended Third Party Complaint in March 2015, which is the operative third-party complaint. See Dkt. No. 67. Therein, MedPlast Fremont asserts the following claims: (1) contribution under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1); (2) declaratory relief under CERCLA, 42 U.S.C. § 9613(g)(2); (3) indemnity and contribution under the Carpenter-Presley-Tanner Hazardous Substance Control Account Act ("HSAA"), Cal. Health & Safety Code § 25323.5; (4) declaratory relief under the HSAA; (5) equitable indemnity and contribution under California law; (6) negligence; and (7) negligence per se.

Third Party Defendants filed the instant Motion to Dismiss in March 2015. See Mot., Dkt. Nos. 68, 68-1. This matter has been fully briefed. See Opp'n, Dkt. No. 69; Reply, Dkt. No. 71.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). Although particular detail is not generally necessary, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court usually "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court also must construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id. Nor must the court accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

**III.     DISCUSSION**

Third Party Defendants move to dismiss the following claims on the grounds that MedPlast Fremont fails to state a claim upon which relief can be granted: (1) sixth claim alleging negligence; and (2) seventh claim alleging negligence per se. Each of these claims will be addressed in turn.

  **A.     Claim for Negligence**

Under California law, a plaintiff must plead the following elements to establish a claim for

3
Case No.: 5:14-cv-03765-EJD
ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS

negligence: "(1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). In dispute, here, are the first and fourth elements.

### i. Duty

Third Party Defendants argue that MedPlast Fremont insufficiently pleads Third Party Defendants owed a legal duty to MedPlast Fremont. Mot. at 7. In opposition, MedPlast Fremont argues that it has sufficiently pled a legal duty to use ordinary care due to the foreseeability of the harm. Opp'n at 4.

"The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion." L.A. Mem'l Coliseum Comm'n v. Insomniac, Inc., 233 Cal. App. 4th 803, 830 (2015). "As a general rule, each person has a duty to use ordinary care and is liable for injuries caused by his failure to exercise reasonable care in the circumstances." Doe v. Sup. Ct., 237 Cal. App. 4th 239, 244-45 (2015). "In addition to the duty to act reasonably in one's own conduct, one may have a duty to control the conduct of a third party when the defendant stands in some special relationship to either the person whose conduct needs to be controlled or in a relationship to the foreseeable victim of that conduct." Id. at 245. In addition, "one's general duty to exercise due care includes the duty not to place another person in a situation in which the other person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct (including the reasonably foreseeable negligent conduct) of a third person." Camp v. State, 184 Cal. App. 4th 967, 976 (2010).

MedPlast Fremont alleges Third Party Defendants have owned the Property since at least 1992. Am. Third-Party Compl. at ¶¶ 18-19. There are no allegations that MedPlast Fremont has owned or operated on the Property since Third Party Defendants obtained the Property. According to MedPlast Fremont, Third Party Defendants had a duty of care towards MedPlast Fremont because "it was reasonably foreseeable that the Third Party Defendants' actions or omissions would pollute and contaminate . . . the Property" and "that any pollution or contamination of the Property . . . would result in costs associated with the response, removal,

remediation, abatement, mitigation, monitoring, investigation, and/or cleanup of the pollution or contamination, and that prior owners or operators of the Property, and/or their successors would potentially be responsible for some or all of those costs." Id. at ¶ 52.

In essence, MedPlast Fremont alleges a legal duty is owed by a current owner/operator of a property to a former owner/operator of the same property. But, MedPlast Fremont provides no legal authority supporting the proposition that a current owner/operator owes a legal duty to a former owner/operator.

Nor does the court find it appropriate to recognize such a duty under these circumstances, based on the consideration of certain public policy factors: "(1) the extent to which the transaction was intended to affect [the plaintiff]; (2) the foreseeability of harm to [the plaintiff]; (3) the degree of certainty that [the plaintiff] suffered injury; (4) the closeness of the connection between [the defendant's] conduct and the injury suffered; (5) the moral blame attached to [the defendant's] conduct; and (6) the policy of preventing future harm." State Ready Mix, Inc. v. Moffatt & Nichol, 232 Cal. App. 4th 1227, 1233 (2015); see also Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958) (articulating these factors for the first time in determining "whether in a specific case the defendant will be held liable to a third person not in privity").

First, MedPlast Fremont was the owner/operator of the Property before Third Party Defendants took possession of the Property, thus the extent to which any transaction between them was intended to affect MedPlast Fremont is limited to the transition of ownership or possession of the Property that occurred in 1992. Aside from this, there is no other indication that any conduct from Third Party Defendants was intended to affect MedPlast Fremont. This factor is insufficiently strong to impose a duty of care.

Second, MedPlast Fremont contends that due to Third Party Defendants' alleged failure to prevent the contamination of the Property, it was foreseeable that decades later MedPlast Fremont would be sued in the underlying litigation and would therefore incur costs associated with the removal of the contamination. "Foreseeability" as a test for negligence "means a level of probability which would lead a prudent person to take effective precautions." Halliburton Energy

5
Case No.: 5:14-cv-03765-EJD
ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS

Servs., Inc. v. Dep't of Transp., 220 Cal. App. 4th 87, 94-95 (2013). In this instance, construing MedPlast Fremont's allegations as true, it is not foreseeable that Third Party Defendants' alleged contamination of the Property would lead to a lawsuit in which they would sue MedPlast Fremont—the owner/possessor of the Property over 20 years ago—that could potentially result in liability against MedPlast Fremont. This sort of foreseeability claimed by MedPlast Fremont is too far stretched. Thus, this factor weighs heavily against imposing a duty of care.

Third, the degree of certainty that MedPlast Fremont suffered injury is remote since its harm is contingent on whether it will be held liable in the underlying action. There is no indication that MedPlast Fremont has already suffered injury; instead, it contends that it will suffer injury in the future if it is found to be liable in the underlying action. Thus, this factor also weighs heavily against imposing a duty of care.

Fourth, the closeness of the connection between Third Party Defendants' alleged contamination of the Property and the injury suffered by MedPlast Fremont is weak since MedPlast Fremont has not yet suffered an injury. Moreover, if it is found that Third Party Defendants caused the contamination on the Property, there would very likely be no injury to MedPlast Fremont since it would not be held liable for remediation costs. As such, this factor is insufficiently strong to impose a duty of care.

Fifth, to the extent MedPlast Fremont's allegations must be construed as true, there may be a moral blame attached to Third Party Defendants' conduct of failing to prevent contamination on the Property. However, MedPlast Fremont has not alleged how this failure has caused it harm. This factor is neutral.

Lastly, MedPlast Fremont's injury is contingent on it being held liable for the contamination of the Property. Since that is the alleged injury, there is no "future harm" that it can suffer. There is no indication that MedPlast Fremont's "harm" will go beyond the costs incurred for remediation. Thus, this factor weighs against imposing a duty of care.

In sum, these policy considerations weigh against imposing a duty of care. Therefore, MedPlast Fremont has inadequately pled the threshold element of its negligence claim.

### ii. Damages

Even if MedPlast Fremont could establish a legal duty, it would face the challenge of sufficiently pleading damages.  Third Party Defendants contend that MedPlast Fremont cannot seek damages because it has not suffered a harm or loss, and speculatively seeking contribution in the event of its liability to Plaintiff in the underlying action is not sufficient to plead damages.  Mot. at 6.  In opposition, MedPlast Fremont argues that it pled damages sufficient to satisfy the federal pleading standard of providing notice.  Opp'n at 6.  Moreover, it argues that if it waits to bring its negligence claim until it actually pays Plaintiff, the claims would likely be time barred because a negligence claim accrues at the time of the property damage.  Id. at 7.

In a negligence claim, "economic loss alone, without physical injury, does not amount to the type of damage that will cause a negligence . . . cause of action to accrue." Cnty. of Santa Clara v. Atl. Richfield Co., 137 Cal. App. 4th 292, 318 (2006).  "In a . . . negligence case, the compensable injury must be physical harm to persons or property, not mere economic loss." Id.; see S.F. Unified Sch. Dist. v. W.R. Grace & Co., 37 Cal. App. 4th 1318, 1327 (1995) ("Until physical injury occurs—until damage rises above the level of mere economic loss—a plaintiff cannot state a cause of action for . . . negligence.").

Here, MedPlast Fremont alleges that Third Party Defendants' failure to exercise due care and ordinary care "resulted in damage to MedPlast Fremont, to the extent MedPlast Fremont is held liable for the costs associated with the response, removal, remediation, abatement, mitigation, monitoring, investigation, and/or cleanup of the pollution or contamination at or near the Property." Am. Third-Party Compl. at ¶ 54.  "Such damages include past and future response costs or any other costs or damages associated with the Property, and/or attorneys fees, costs of suit, and any interest and/or prejudgment interest." Id.  Moreover, MedPlast Fremont alleges that it "has incurred and will incur substantial damages proximately caused by the alleged pollution," and "[t]hose damages include past and future response costs or any other costs or damages associated with the Property, and/or attorneys fees, costs of suit, and any interest and/or prejudgment interest that MedPlast Fremont may be required to pay Plaintiff." Id. at ¶ 55.

The court agrees with Third Party Defendants that MedPlast Fremont's allegations as to damages are inadequate. First, MedPlast Fremont seeks speculative damages in the event it is held liable to Plaintiff in the underlying action. This constitutes future economic loss, not actual damages. Second, MedPlast Fremont has no grounds to plead a compensable injury since MedPlast Fremont does not own or operate on the Property. MedPlast Fremont alleges that Third Party Defendants have owned the Property since at least 1992, and the basis for the negligence claim is Third Party Defendants' alleged failure to prevent the release of hazardous substances onto the Property. Id. at ¶¶ 18-19, 51. However, since MedPlast Fremont does not allege to have been operating on the Property at any point since 1992, there is no indication that it could have suffered any kind of physical harm as a result of the hazardous substances. To the extent MedPlast Fremont alleges the physical harm was caused to the Property, it does not involve MedPlast Fremont since it does not own the Property. Thus, MedPlast Fremont has no cognizable basis upon which to plead damages under the current version of the Third Party Complaint.

In sum, MedPlast Fremont has inadequately pled the elements of duty and damages. In considering the allegations in the light most favorable to MedPlast Fremont, the court does not see how MedPlast Fremont could adequately plead negligence. Fatal to this claim is that Third Party Defendants have owned and operated on the Property for over 20 years, and there is no indication that during their possession of the Property, MedPlast Fremont has operated on the Property. As such, there is no indication that Third Party Defendants could have owed any legal duty to MedPlast Fremont, or that MedPlast Fremont could have suffered any kind of physical harm. In addition, to the extent MedPlast Fremont asserts a claim to recover in the future should it become liable to Third Party Defendants in the underlying action, a negligence claim is not the proper channel to recover those types of costs. Accordingly, Third Party Defendants' motion as to the negligence claim is GRANTED, and the claim is DISMISSED WITHOUT LEAVE TO AMEND.

**B.   Claim for Negligence Per Se**

As codified in California Evidence Code § 669(a), "[t]o plead a cause of action for negligence under the doctrine of negligence per se, a plaintiff must allege these elements: (1) the

1  defendant violated a statute, ordinance, or regulation; (2) the violation proximately caused death or
2  injury to the plaintiff; (3) the death or injury resulted from an occurrence of the kind that the
3  statute, ordinance, or regulation was designed to prevent; and (4) the plaintiff belonged to the class
4  of persons for whose protection the statute, ordinance, or regulation was adopted." Randi W. v.
5  Muroc Joint Unified Sch. Dist., 14 Cal. 4th 1066, 1088 (1997). In dispute, here, are the first and
6  second elements.

7  Third Party Defendants move to dismiss this claim arguing that MedPlast Fremont fails to
8  allege how Third Party Defendants violated specific statutory provisions, and MedPlast Fremont
9  fails to adequately plead damages. Mot. at 5-6, 8. In response, MedPlast Fremont argues that this
10 issue has been sufficiently pled. Opp'n at 7.

11 Specifically, MedPlast points to the following allegations made as part of its negligence
12 claim: "Third Party Defendants failed to exercise due or ordinary care and were negligent in, *inter*
13 *alia*, (1) their use, treatment, storage, handling, and/or disposal of hazardous substances on the
14 Property; (2) their efforts, or lack thereof, to locate and remove hazardous substances from the
15 Property; (3) their repair, maintenance, and construction, and/or lack thereof, of buildings and
16 other improvements at the Property; (4) their movement of soils and other materials at the
17 Property; (5) their custody and control of the Property; and (6) their management and supervision
18 of activities and operations on the Property," and that those actions "violate[] one or more
19 statutes" identified in its claim for relief. Id. at 7-8; Am. Third-Party Compl. at ¶¶ 53, 58. The
20 statutory provisions MedPlast Fremont relies on for its claim are: (1) California Health & Safety
21 Code § 25189 (civil penalties for persons who negligently disposes of or causes the disposal of
22 hazardous waste); (2) California Health & Safety Code § 25359.4 (prohibiting release of
23 hazardous substance and reporting requirement); (3) 42 U.S.C. § 6912(a) (authority of the
24 administrator of the Environmental Protection Agency); (4) 42 U.S.C. § 6922 (standards
25 applicable to generators of hazardous waste); (5) 42 U.S.C. § 6924 (standards applicable to owners
26 and operators of hazardous waste facilities); and (6) 42 U.S.C. § 6928 (federal enforcement). Am.
27 Third-Party Compl. at ¶ 57.

It is possible that MedPlast Fremont has sufficiently alleged how Third Party Defendants violated certain statutes. However, MedPlast Fremont fails to overcome the barrier of adequately pleading damages. MedPlast Fremont alleges that "[a]s a proximate result of the violations of the Third Party Defendants, MedPlast Fremont has been damaged, and will continue to be damaged, because if MedPlast Fremont may be required to pay Plaintiff . . . for some or all of the past and future response costs or any other costs or damages associated with the Property, and/or attorneys fees, costs of suit, and any interest and/or prejudgment interest, in an amount to be proven at trial, it would result from the Third Party Defendants' violations." Id. at ¶ 59.

MedPlast Fremont's allegations as to damages suffer from the same deficiencies as above. See supra § III(A)(ii). Even if Third Party Defendants were presumed to be negligent, MedPlast Fremont cannot adequately plead how the statutory violations caused injury to MedPlast Fremont given that it has not been exposed to the hazardous substances, nor does it own the Property that contains the hazardous substances. As such, this claim must also fail.

In sum, MedPlast Fremont's failure to adequately plead damages is fatal to its claim for negligence per se. Accordingly, Third Party Defendants' motion as to this claim is GRANTED, and the claim is DISMISSED WITHOUT LEAVE TO AMEND.

## IV.   CONCLUSION

Based on the foregoing, Third Party Defendants' Motion to Dismiss is GRANTED as to MedPlast Fremont's sixth claim for negligence and seventh claim for negligence per se. These claims are DISMISSED WITHOUT LEAVE TO AMEND. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (denying leave to amend if it appears to be futile).

**IT IS SO ORDERED.**

Dated: November 13, 2015

_____
EDWARD J. DAVILA
United States District Judge